IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:16-HC-2290-FL

| | | |
|---|---|---|
| JAMES STACCATO BEST, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ERIK A. HOOKS, | ) | |
| | ) | |
| Respondent.[1] | ) | |

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondent's motion for summary judgment (DE 13). Petitioner did not respond to the motion. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**BACKGROUND**

Petitioner, a state inmate incarcerated at Pasquotank Correctional Institution, entered an Alford plea[2] in the Brunswick County Superior Court on June 15, 2015, to a single count of possession of a schedule II controlled substance, and was sentenced to 26-44 months imprisonment. (Resp't's App. (DE 15) Exs. 1, 2). Petitioner was sentenced as an habitual felon at the lowest

---

[1] Petitioner has named "Frank L. Perry" and "Nora Hunt" as respondents in this action. (See Pet. (DE 1) at 1). The custodian of the correctional facility in which petitioner is incarcerated is the proper respondent in an action filed pursuant to 28 U.S.C. § 2254. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Respondent represents that Erik A. Hooks ("Hooks"), the Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action. (See Mot. Summ. J. (DE 13) at 1). The court has constructively amended the caption of this order to reflect that Hooks is the respondent in this action, and the Clerk of Court is DIRECTED to change respondent's name in the caption on the docket.

[2] See North Carolina v. Alford, 400 U.S. 25 (1970).

possible mitigated range, and his sentence was ordered to run consecutive to a sentence petitioner was already serving on unrelated charges. (Id. Ex. 2; Pet. (DE 1) at 5) Petitioner filed a pro se certiorari petition seeking a belated direct appeal of his conviction and sentence, but the North Carolina Court of Appeals denied the certiorari petition. (Resp't's App. (DE 16) Exs. 6, 8).

Petitioner then filed a pro se motion for appropriate relief ("MAR") in the Superior Court of Brunswick County. (Id. Ex. 9). On September 19, 2016, the MAR was summarily denied. (Id. Ex. 10). The state trial judge, however, noted in the order denying the MAR that a hearing was held in petitioner's case on August 9, 2016, for the purpose of correcting petitioner's sentence. (Id.) Ultimately, petitioner's prior record level (used to calculate his sentence under North Carolina's Structured Sentencing Act), was changed from Level V to Level IV and his sentence was correspondingly reduced to 23-40 months imprisonment. (Resp't's App. (DE 17) Ex. 11).

Petitioner filed a pro se certiorari petition with the North Carolina Court of Appeals on October 31, 2016, seeking to appeal the state court's denial of his MAR. (Id. Ex. 12). The North Carolina Court of Appeals summarily denied the petition on November 15, 2016. (Id. Ex. 14).

Petitioner filed the instant habeas petition on November 28, 2016, alleging the following claims for relief: (1) the state trial court erred by accepting petitioner's guilty plea where there was no factual basis for the plea and the plea was coerced because petitioner was misadvised by counsel that he would receive concurrent sentences; (2) petitioner's sentence was grossly disproportionate and (an unidentified) new law came into effect and retroactivity is applicable; (3) petitioner's counsel was ineffective because: counsel misadvised him to plead guilty to a crime that did not amount to a misdemeanor, petitioner's sentence should have run concurrently to any other sentence, and petitioner was inappropriately sentenced at a prior record level V when he should have been

sentenced at level IV; and (4) petitioner is entitled to the advanced supervised release program because his counsel promised him that he would be enrolled in the program, and the habitual felon indictment is defective and duplicious [*sic*] because the prosecuting attorneys used the same habitual felon indictment in two of petitioner's criminal cases.

On July 11, 2017, respondent filed the instant motion for summary judgment, arguing that petitioner is not entitled to habeas relief. The following day, the court sent petitioner a notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), providing notice that the summary judgment motion had been filed, the deadline for responding, and explaining the potential consequences of failing to respond. Letter from Peter A. Moore, Clerk of Court, to James Staccato Best (July 12, 2017) (DE 19). Despite this notice, petitioner did not respond to the motion.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

B. Analysis

    1. Petitioner's First and Third Claims[3]

As noted, petitioner alleges in his first claim for relief that the state court erred in accepting his guilty plea because there was no factual basis for the Alford plea and that his plea was "coerced" because counsel "misadvised" him that his sentence would run concurrently with another sentence in an unrelated case. In this third claim for relief, petitioner alleges that he received ineffective assistance of trial counsel because counsel misadvised him to plead guilty to a crime that did not amount to a misdemeanor, counsel misadvised him that his sentence would run concurrently with his sentence in another case, and he was inappropriately sentenced at a prior record level V, when he should have been sentenced at a level IV.

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's

---

[3]The court addresses petitioner's first and third claims together because they are substantially the same claims.

5

errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Petitioner's conclusory claims that there was no factual basis for his Alford plea and his plea was coerced by counsel's representations about his sentence are belied by the sworn affirmations petitioner made in open court at his plea hearing. Petitioner testified at his plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. (See Resp't's App. (DE 15) Ex. 1 at 2). Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. (Id. at 2, 3). Petitioner affirmed that he understood he would be "treated as being guilty" despite his entry of an Alford plea. (Id. at 4). He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. (Id. at 3). Petitioner further testified that he had a high school education, and he was not under the influence of alcohol, drugs, narcotics, medicines, pills, or any other substances. (Id. at 2). Petitioner agreed that "there are facts to support your plea." (Id. at 3). Additionally, petitioner's plea agreement informed petitioner that he would be sentenced as follows:

> Def. pleads guilty to 1 ct of possession [of a] schedule II [controlled substance]. That Def. admits to being a habitual felon. Sentenced as Class E. Active at bottom of mitigated range. As to habitual felon, receive active 26 to 44 months. Level V for sentencing purposes.

(Id.) Petitioner's transcript of plea contains no promises indicating petitioner's sentence would run concurrently with any other sentence petitioner was currently servicing or anticipated to serve. (See id. at 2-5). Petitioner also testified that the terms of the plea agreement set forth in the written transcript of plea were "correct as being [petitioner's] full plea agreement." (Id. at 3).

6

In exchange for agreeing to the Alford plea, the prosecutor agreed to dismiss petitioner's charges of driving while under the influence, possession of less than ½ ounce of marijuana, possession of drug paraphernalia (two counts), and possession of a schedule IV controlled substance. (Id. at 5). After listening to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was competent to stand trial. (Id.) Petitioner was originally sentenced to 26 to 44 months imprisonment, pursuant to the terms of the plea agreement. (Resp't's App. (DE 15) Ex. 2). Upon learning that petitioner was improperly classified at a prior record level V, the state court corrected the error by changing petitioner's prior record level to IV and re-sentencing him to 23 to 40 months imprisonment, below the range petitioner agreed to in his plea agreement. (Resp't's App. (DE 17) Ex. 11).

Absent extraordinary circumstances, these solemn in-court representations should be deemed conclusive. Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239 n.2 (4th Cir. 1984). Petitioner has presented no evidence of "extraordinary circumstances" that would justify disregarding the sworn affirmations he made in open court. Petitioner's in-court representations during his Alford plea hearing are deemed conclusive and the plea is found to have been knowingly and voluntarily entered with the advice of competent counsel.

Petitioner further has not presented any evidence to demonstrate that there was not a factual basis for his Alford plea or that his counsel coerced him into entering the plea by promising him that his sentence would run concurrently with his other sentence. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Yeatts v. Angelone, 166 F.3d 255 (1999); see

7

also Blackledge, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Petitioner also alleges that trial counsel was ineffective because he "misadvised" him to enter an Alford plea to a crime that "did not amount to a misdemeanor." (Pet. (DE 1) at 8). This claim is entirely conclusory and unsupported, and thus is subject to summary dismissal. Blackledge, 431 U.S. at 74; Nickerson, 971 F.2d at 1136. Finally, petitioner alleges counsel was ineffective because he should have been sentenced at a prior record level IV. Petitioner cannot show that he was prejudiced by this error, because, as set forth above, the state court corrected this error by re-sentencing petitioner using the correct prior record level. (See Resp't's App. (DE 17) Ex. 11). Given that petitioner entered an Alford plea with the understanding that he would be sentenced at a prior record level V, he cannot now credibly assert that if his prior record level had been appropriately calculated at a level IV (resulting in a less severe sentence) he would not have pleaded guilty and would have insisted on going to trial. See Hill, 474 U.S. at 59 (holding prejudice prong of ineffectiveness assistance of counsel claim in guilty plea context requires a showing that but for counsel's error, petitioner would not have pleaded guilty).

On this record, petitioner's sworn affirmations at the plea hearing bar his conclusory claims that counsel was ineffective, that his Alford plea was coerced, or that there was no factual basis for his plea. Thus, the state court's order denying relief on these claims was not contrary to clearly established federal law and petitioner is not entitled to habeas relief on his first and third claims.

2. Petitioner's Second Claim for Relief

Petitioner's second claim for relief is that his sentence was "grossly disproportionate" and (an unidentified) new law came into effect and retroactivity is applicable. This claim is also conclusory and subject to summary dismissal. Nickerson, 971 F.2d at 1136. Petitioner, for example, fails to identify the "new law" that came into effect that allegedly entitles him to relief. And petitioner's 23-40 month sentence for possession of a schedule II controlled substance (enhanced based on his habitual felon status[4]) is not grossly disproportionate to the severity of the crime. See Ewing v. California, 538 U.S. 11, 28-31 (2003) (sentence of twenty-five years to life under recidivism statute for theft of $1,200 worth of golf clubs not grossly disproportionate under the Eighth Amendment).

Thus, the state court's order denying relief on this claim was not contrary to clearly established federal law and petitioner is not entitled to habeas relief on his second claim.

3. Petitioner's Fourth Claim for Relief

Petitioner's fourth claim for relief is that he is entitled to the advanced supervised release program because his trial counsel promised him that he would be eligible for the program and that the habitual felon indictment is defective and duplicative because the prosecuting attorneys used the same habitual felon indictment in two of petitioner's criminal cases. To the extent this claim asserts that petitioner was coerced into pleading guilty based on trial counsel's promise that he would be eligible for advanced supervised release, the claim is belied by petitioner's sworn statements at his plea hearing. Among other things, petitioner testified that the transcript of plea (which does not include any provisions concerning advanced supervised release) contained the "full plea

---

[4] See N.C. Gen. Stat. § 14-7.1 to 7.6 (providing that anyone convicted of three felony offenses in any federal or state court may be charged with being an habitual felon and receive enhanced sentences).

9

arrangement" and that petitioner had not been promised anything to cause him to enter the plea against his wishes. (Resp't's App. (DE 15) Ex. 1 at 3). Absent extraordinary circumstances not present here, these statements are deemed conclusive and bar any subsequent collateral attacks on the voluntariness of the plea.[5] See Blackledge, 431 U.S. at 73-74; Via, 643 F.2d at 171.

Petitioner's claim that the habitual felon indictment is defective because the prosecuting attorneys used the same indictment in two of petitioner's criminal cases also lacks merit. North Carolina law does not prohibit prosecutors from using the same habitual felon indictment in multiple cases. See N.C. Gen. Stat. § 14-7.3 (setting forth requirements for habitual felon indictments); State v. Cheek, 339 N.C. 725, 729-30 (1995) (holding habitual felon indictment is not defective so long as it alleges all items required by N.C. Gen. Stat. § 14-7.3). Nor is there any principle of clearly established federal law that would prohibit them from doing so. To the extent petitioner intends to raise a double jeopardy challenge based on the prosecutors' use of the same habitual felon indictment in two of petitioner's criminal cases, the claims lacks merit. The Double Jeopardy Clause prohibits multiple prosecutions or punishments for the same offense. United States v. Dixon, 509 U.S. 688, 695-96 (1993). But where, as here, prosecutors use identical indictments to establish habitual felon status and enhance a punishment for separate offenses, there is no violation of the double jeopardy clause. Spencer v. Texas, 385 U.S. 554, 559-60 (1967) (observing recidivist statutes have been sustained against contentions that they violate the Double Jeopardy Clause); Elliott v. Townes, No. 06-457, 2007 WL 2257153, at *3 (M.D.N.C. Aug. 2, 2007) (identical habitual felon indictments do not violate Double Jeopardy Clause because "the underlying convictions used

---

[5]To the extent petitioner asserts counsel was ineffective based on his promises that petitioner would be eligible for advanced supervised release, the claim is entirely conclusory and subject to summary dismissal. Nickerson, 971 F.2d at 1136. There is no evidence in the record suggesting counsel's performance fell below an objective standard of reasonableness or that but for counsel's errors petitioner would not have pleaded guilty. See Hill, 474 U.S. at 58-59.

10

to establish a defendant's habitual felon status for one substantive conviction may also be used in conjunction with a later substantive conviction to establish that status a second, separate time"). This is because each underlying substantive conviction is a prosecution for a separate offense, and the habitual felon indictments are used solely for purposes of enhancing a sentence for such separate offenses.

In addition, petitioner's claims that the habitual felon indictments were defective are also barred by his guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (stating that a voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors).

Thus, the state court's order denying relief on this claim was not contrary to clearly established federal law. Based on the foregoing, petitioner is not entitled to federal habeas relief on any of the claims in the petition, and the court GRANTS respondent's motion for summary judgment.

B.     Certificate of Appealability

The court now determines whether petitioner is entitled to a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been

adjudicated and denied on the merits by the district court, "the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.' " Buck v. Davis, __U.S.__, 137 S. Ct. 759, 773 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 13) is GRANTED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 29th day of March, 2018.

                                                LOUISE W. FLANAGAN
                                                United States District Judge